**LOUISVILLE & N. R. CO. v. WILLIAMSON.**
No. 8082.

Circuit Court of Appeals, Fifth Circuit.
Dec. 29, 1936.

John L. Tye, Jr., of Atlanta, Ga., for appellant.

Edgar Watkins, of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit to recover $476.26 alleged to be an illegal rebate or an undercharge for transporting 500 bales of cotton linters from Decatur, Ala., to Savannah, Ga. A verdict was returned for defendant. Appellant had moved for a directed verdict on various grounds. The only error assigned is to the denial of this motion.

The following material facts are not in dispute: On July 6, 1927, defendant shipped over plaintiff's line 500 bales of cotton linters from Decatur, Ala., to Savannah, Ga., which he had agreed to deliver compressed to high density. The published tariff rate for transportation of such

linters from Decatur to Savannah was 31 cents per 100 pounds. This applied to non-compressed cotton. The linters moved on an export bill of lading which contained a provision giving the railroad the privilege of compressing the linters at its own cost and risk for greater convenience in handling or forwarding. This provision was incorporated in applicable tariffs on file with the Interstate Commerce Commission. Before shipment defendant entered into an agreement with plaintiff, through its agent at Decatur, by which plaintiff agreed to absorb the cost of ordinary compression, if the cotton were compressed to high density at Decatur. The cost of ordinary compression at Decatur was 15 cents per 100 pounds, with an additional charge of 40 cents a bale for high density compression. The cost of high density compression at Savannah was 75 cents a bale. Defendant paid the freight in advance, amounting to $984.21, and plaintiff paid direct to the compress company $476.26, the cost of ordinary compression. The cotton moved on six cars. Linters compressed to ordinary density would require about one-third as many cars as if uncompressed while linters compressed to high density would require less equipment than if compressed to ordinary density. It cost the railroad more to move three cars than one, how much is not shown. There was no shortage of cars at the time. The agent who made the agreement testified that the cotton was not compressed for the convenience of the railroad and that many other shipments of cotton linters' delivered to plaintiff at Decatur since the shipment here involved had not been compressed.

 The charge of the court is not objected to and is not in the record. We assume it correctly stated the law, which is well settled. Plaintiff was obliged to charge the rate stipulated in the tariff on file with the Interstate Commerce Commission. Regardless of a contract in good faith, if it had charged less or, by a rebate in any guise, had brought about the same result, it had the right and it was its duty to sue to recover it. However, in this case it does not appear that plaintiff did anything it was not authorized to do. Merchants Cotton Press & Storage Co. v. Illinois C. R. Co., 17 I.C.C. 98.

The material issue is whether the compression of the cotton was really for the convenience of plaintiff and not a disguised rebate. On the evidence in the record, this was clearly a question for the jury, as reasonable men might draw different conclusions from the undisputed facts. The contract was for the mutual benefit of the parties. It cost plaintiff less to transport the cotton and defendant less to have it compressed to high density at Decatur. On the other hand, if plaintiff had not exercised its privilege of ordinary compression, defendant would hardly have had the cotton compressed at Decatur as the total cost of high density compression at Savannah was less. On the contract itself the jury might well have assumed that plaintiff would not have entered into an illegal agreement and also that the compression of the cotton was for the convenience of the railroad. The opinion of the agent was not binding on the jury. Cotton is not usually compressed to high density except for export. The testimony of the agent that no other cotton shipped at Decatur was compressed before movement stops short of showing the destination or whether it was for export. We consider there was sufficient before the jury to support the verdict. It was not error to overrule the motion to direct the verdict.

The record presents no reversible error.
Affirmed.